UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

JOSEPH HOUGH )
 )
v. ) NO. 2:05-CV-207
 )
HOWARD CARLTON, Warden )

**MEMORANDUM and ORDER**

State prisoner Joseph Hough ("Hough") brings this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the legality of his confinement pursuant to his 1995 Greene County marijuana and cocaine convictions. For these offenses, Hough was sentenced to an effective 12-year prison sentence but, after spending some ninety days in boot camp, he was released on probation. In 1998, his probation was revoked and he was returned to the custody of state authorities to serve his sentence of imprisonment. That same year, Hough began inquiring about his direct appeal (Doc. 4, Addendum No. 4) and now alleges, as his sole ground for habeas corpus relief, that his attorney failed to pursue an appeal and, thereby, provided him with ineffective assistance.

The respondent has filed several motions—a motion to dismiss (Doc. 5); a motion to withdraw the motion to dismiss (Doc. 8); and a second motion to dismiss (Doc. 9). The motion seeking to withdraw the earlier motion is **GRANTED** and the Clerk is **DIRECTED** to terminate the motion to dismiss filed on September 15, 2005.

In the remaining motion to dismiss, the respondent argues that the petition should be dismissed as barred by either the statute of limitations governing habeas corpus cases or, alternatively, Hough's procedural default of his federal claim. Hough has responded to the motion. For the following reasons, the Court will delay ruling on the motion pending the filing of certain documents by the respondent.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, contains a one-year statute of limitations governing the filing of an application for federal writ of habeas corpus. *See* 28 U.S.C. § 2244. The statute begins to run when one of four circumstances occurs: the conclusion of direct review; upon the removal of an impediment which prevented a petitioner from filing a habeas corpus petition; when a petition alleges a constitutional right, newly recognized by the Supreme Court and made retroactive on collateral review; or when a claim depends upon factual predicates which could not have been discovered earlier through the exercise of due diligence. *Id.* The time is tolled, however, during the pendency of a properly filed application for state post-conviction relief. *Id.*

Here, the first circumstance is the relevant one. On direct review, the Tennessee Court of Criminal Appeals dismissed his appeal on January 13, 2004, for failure to prosecute his case during the eight years following his notice of appeal (Doc. 10, Addendum No. 2). Sixty days thereafter, on Monday, March 15, 2004,[1] Hough's opportunity

---

[1] Though such an application must be filed within sixty days, in this case the sixtieth day
(continued...)

to file an application for permission to appeal in the state supreme court ended. *See* Tenn. R. App. P. 11(b). At this point, Hough's conviction became final, and the time period for filing his § 2254 petition would end one year afterward. Hence, because the one-year statute of limitations in § 2244(d)(2) expired on March 15, 2005, and because this petition was filed on August 9, 2005, under the prison mailbox rule, *see Houston v. Lack*, 487 U.S. 266 (1987) (a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing), it is time-barred.

As noted, however, the limitations statute is tolled while a properly-filed state post-conviction petition is pending in the state courts. *See* 28 U.S.C. § 2244(d)(2). In his response to the motion to dismiss, Hough makes confusing allegations regarding whether he has a post-conviction action pending in the state court, claiming that he "filed a post-conviction petition into Greene County Criminal Court on or about April 2004" (Doc. 11 at 2), while at the same time asserting that he "filed a petition on March 23, 2004 [but] he has not received a response" (*Id.* at 4 n.1) and also that he "filed a Motion to Reopen the post-conviction petition in the trial court in which it was dismissed" (*Id*. at 2 ).[2] Although there is nothing in the present record to indicate the status of the post-conviction proceedings filed

---

[1](...continued)
fell on a Saturday and, under Tenn. R. Crim. App. 11(b) (Advisory Committee Comment amended May 17, 2005), Hough had two extra days to file his application.

[2] The record shows that Hough filed a post-conviction petition in the trial court in February of 2001; that the petition challenged his 1995 convictions; that the petition was dismissed as time-barred; and that the dismissal was affirmed on appeal (Doc. 10, Addendum No. 2). The respondent takes the position that those post-conviction proceedings, which occurred before Hough's appeal was dismissed, are no longer relevant to the motion to dismiss.

3

"on or about April 2004" or "March 23, 2004," the Court takes judicial notice of the fact that Hough filed a prior § 2254 petition which was dismissed without prejudice for failure to exhaust state remedies, as well as of the fact that the record in Hough's prior habeas corpus case contains a copy of a document titled "RESPONSE OF THE STATE OF TENNESSEE TO THE MOTION OF JOSEPH HOUGH TO RE-OPEN POST CONVICTION PROCEEDINGS," filed on March 16, 2004 in the state court (Doc. 24, Attachment No. 1 in Civil Action No. 2:03-cv-21).

It seems obvious that, absent any information concerning Hough's 2004 motion to reopen his post-conviction proceedings, the Court cannot determine the timeliness issue raised by the respondent in his motion to dismiss Hough's § 2254 petition.

Accordingly, in order to determine whether the present petition is timely, the respondent is **ORDERED** to file, within fifteen days of the date on this order, all relevant documents to show the outcome of Hough's motion to reopen his post-conviction proceedings in Greene County Criminal Court Case No. 01CR035/01CR036 (Doc. 24, Attachment No. 1 in *Hough v. Holland*, No. 2:03-cv-21 (E.D. Tenn. Mar. 12, 2004)).

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge