UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JOSEPH HOUGH | ) | |
| | ) | |
| v. | ) | NO. 2:05-CV-207 |
| | ) | |
| HOWARD CARLTON, Warden | ) | |

**MEMORANDUM OPINION**

Joseph Hough ("Hough"), a state prisoner, brings this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the legality of his confinement pursuant to his 1995 Greene County marijuana and cocaine convictions. For these offenses, Hough was sentenced to an effective 12-year prison sentence. He filed a notice of appeal. After spending some ninety days in boot camp, he was released on probation. In 1998, his probation was revoked and he was returned to the custody of state authorities to serve his sentence of imprisonment. That same year, Hough began inquiring about the status of his direct appeal (Doc. 4, Add. 4) and now alleges, as his sole ground for habeas corpus relief, that his attorney failed to pursue an appeal and, thereby, provided him with ineffective assistance.

The respondent has filed a motion to dismiss and a renewed motion to dismiss (Docs. 9, 15), as well as the state court record. (Doc. 10, Add. 1 - 4; Doc. 16, Add. 1 - 3). In his motion, the respondent argues that the petition should be dismissed as barred either by the statute of limitations governing habeas corpus cases or, alternatively, by Hough's

procedural default of his federal claim. In his renewed motion, the respondent relies solely on the time-bar defense as the basis for dismissal. Hough has responded to the motion. For the following reasons, the motions to dismiss will be **GRANTED**.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, contains a one-year statute of limitations governing the filing of an application for a federal writ of habeas corpus. *See* 28 U.S.C. § 2244. The statute begins to run when one of four circumstances occurs: the conclusion of direct review; upon the removal of an impediment which prevented a petitioner from filing a habeas corpus petition; when a petition alleges a constitutional right, newly recognized by the Supreme Court and made retroactive on collateral review; or when a claim depends upon factual predicates which could not have been discovered earlier through the exercise of due diligence. *Id.* The time is tolled, however, during the pendency of a properly filed application for state post-conviction relief. *Id.*

Here, the first circumstance is the relevant one. On direct review, the Tennessee Court of Criminal Appeals dismissed Hough's appeal on January 13, 2004, for failure to prosecute his case during the eight years following his notice of appeal (Doc. 10, Add. 2). Sixty days thereafter, on Monday, March 15, 2004,[1] Hough's opportunity to file an application for permission to appeal in the state supreme court ended. *See* Tenn. R. App. P.

---

[1] Since the sixtieth day fell on a Saturday, Hough had two additional days to file his application. *See* Tenn. R. Crim. App. 11(b) (Advisory Committee Comment amended May 17, 2005).

11(b). At this point, Hough's conviction became final, and AEDPA's clock started to tick and would have stopped one year later, ending the time-period for filing his § 2254 petition. Hence, because the one-year statute of limitations in § 2244(d)(2) expired on March 15, 2005, and because this petition was filed on August 9, 2005, under the prison mailbox rule, *see Houston v. Lack*, 487 U.S. 266 (1987) (a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing), it is time-barred.

As noted, however, the limitations statute is tolled while a properly-filed state post-conviction petition is pending in the state courts. *See* 28 U.S.C. § 2244(d)(2). The record discloses that Hough filed a post-conviction petition in the trial court in February of 2001; that the petition challenged his 1995 convictions; that the petition was dismissed as time-barred; and that the dismissal was affirmed on appeal (Doc. 10, Add. 2). The respondent takes the position that those post-conviction proceedings, which occurred before Hough's appeal was dismissed, are no longer relevant to the motion to dismiss.

What is relevant to these proceedings, according to the respondent, is Hough's motion to reopen his post-conviction proceedings. The augmented record shows that the motion to reopen was denied as "not timely filed" and that his application for permission to

3

appeal to the Tennessee Court of Criminal Appeals was likewise untimely.[2] (Doc. 16, Addenda 2, 3).

In his renewed motion, the respondent suggests that the petitioner filed his motion to reopen after AEDPA's statute of limitations had expired and that the filing of the motion could not toll the time because there was no time left to toll. However, the Court has already found that the one-year statute of limitations in § 2244(d)(2) expired on March 15, 2005. Since the state court's order disposing of the motion to reopen recites that the motion was filed on February 27, 2004, the Court concludes that the motion to reopen was filed before § 2244(d)'s limitations statute expired—indeed, it was filed before the statute was even triggered.

In his motion, the respondent next maintains that the petitioner's motion to reopen did not toll the statutory time-period because such a motion is not part of the ordinary process of collateral review in Tennessee and because it, therefore, cannot serve as a tolling device for purposes of AEDPA's statute of limitations. He relies upon *Nimmons v. Carlton*, Civil Action No. 3:05-cv-353 (E.D.Tenn. Dec. 21, 2005), as support for his argument. In *Nimmons*, another judge in this district held that a motion to reopen post-conviction

---

[2] While recognizing that the pendency of a federal habeas corpus action does not toll the statute, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), the Court takes judicial notice of the fact that Hough filed a prior § 2254 petition which was dismissed without prejudice, upon motion of the respondent, for failure to exhaust state remedies. *Hough v. Holland*, Civil Action No. 2:03-cv-21 (E.D. Tenn. Mar. 12, 2004).

4

proceedings cannot toll § 2244(d)'s one-year limitations statute because such a motion is not part of the ordinary course of Tennessee's collateral review process.

However, the Court need not reach this issue because the statute is tolled only where a second collateral attack is itself timely, *see Fuller v. Thomas*, 110 Fed. Appx. 496, *498 (6th Cir. Aug. 24, 2004) (citing *Carey v. Safford*, 536 U.S. 214, 226 (2002), and because, as the Court has observed previously, the petitioner's motion to reopen was not timely. *See id.*, 110 Fed. Appx. 496, at * 498 ("Thus, even if Fuller had filed an earlier state collateral attack...the time would not be tolled because the state court deemed his second attack untimely."). *See also Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) ( "[W]e hold that time limits, no matter their form, are "filing" conditions. Because the state court rejected [the] petition as untimely, it was not "properly filed," and he is not entitled to statutory tolling under § 2244(d)(2)."); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (properly-filed state collateral action is one which complies with applicable state laws and rules governing filings, including time limits upon its delivery).

Accordingly, because the petitioner did not have a properly-filed state post-conviction petition pending in the state courts during the relevant time-frame (i.e., March 15, 2004 - March 15, 2005), AEDPA's statute was not tolled. Because the statute was not tolled, this habeas corpus application, filed on August 9, 2005, more than four months after the lapse of § 2244(d)'s statute of limitations, is untimely.

5

Case 2:05-cv-00207   Document 19   Filed 09/06/06   Page 5 of 6   PageID #: 9

Accordingly, The respondent's dispositive motions will be **GRANTED** and this habeas corpus case will be **DISMISSED** as time-barred.

An appropriate order will follow.

ENTER:

s/ Leon Jordan  
United States District Judge