UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| JOSEPH HOUGH | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 2:05-CV-207 |
| | ) | |
| HOWARD CARLTON, Warden | ) | |

**MEMORANDUM and ORDER**

Petitioner Joseph Hough's *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254, which challenged his Greene County drug-related convictions, was dismissed as time-barred pursuant to the one-year statute of limitations in 28 U.S.C. § 2244.[1] He has now filed a motion and an amended motion under Fed. R. Civ. P. 59(e) to alter or amend that judgment, [Docs. 22, 23], as well as a motion to reconsider issuance of a certificate of appealability ("COA"). [Doc. 22, Exh. A].

1. ***Procedural History***

Because the history of his underlying state court case is rather unusual—Hough's state post-conviction petition preceded the disposition of his direct

---

[1] Hough filed a prior § 2254 application, which was dismissed without prejudice for failure to exhaust state remedies. *Hough v. Holland*, No. 2:03-cv-21 (E.D. Tenn. Mar. 12, 2004).

review—a brief reiteration of the procedural background will help to place the pending motions in context.

Following Hough's 1995 convictions, his attorney filed a notice of appeal. After spending some ninety days in boot camp, Hough was released on probation from his twelve-year sentence. In 1998, his probation was revoked; he began to serve his term of imprisonment; and he also began to inquire about his direct appeal.[2] Ultimately, the appeal was dismissed for Hough's failure to prosecute his case following the notice of appeal, and his conviction became final on March 15, 2004,[3] three days after this Court dismissed his prior § 2254 petition.

Meanwhile, after Hough began serving the remainder of his sentence in custody but before his direct appeal was dismissed, he filed a post-conviction petition in the trial court. Apparently unaware that the notice of appeal had been filed, the trial court dismissed the post-conviction as untimely and the appellate courts affirmed.

Hough next sought habeas corpus relief in this Court, but, as noted above, his federal petition was dismissed for failure to exhaust state remedies. *See Hough*, No. 2:03-cv-

---

[2] Apparently, the 1995 notice of appeal had been filed in the trial court, but not in the Court of Criminal Appeals. This circumstance came to light during Hough's first § 2254 proceedings. *Hough v. Holland*, No. 2:03-cv-21 (E.D. Tenn. Mar. 12, 2004). To explain to the state courts why the appeal had not advanced beyond the notice filed in the trial court, the State submitted the affidavit of Hough's attorney, in which she attested that the appeal was not pursued because Hough told her that he need not continue with the appeal because he had been released after being sent to boot camp. Hough denies making this statement to his now-deceased attorney.

[3] The sixty-day period to seek review in the Tennessee Supreme Court lapsed on this day, thus, concluding Hough's direct review. *See* 28 U.S.C. § 2244(d)(1)(a).

21 (Mar. 12, 2004 order of dismissal). At this point, Hough returned to the state courts to file a motion to reopen his first post-conviction case. The motion was denied as untimely and the state appellate courts afforded him no relief. He then came back to this Court to file the instant § 2254 application, which, as also noted above, was dismissed as untimely. The Court also declined to issue a COA.

Hough now brings these motions under Rule 59(e), seeking reconsideration of the dismissal and of the denial of a COA.

2. *Motions to reconsider the dismissal order.*

Rule 59(e) authorizes motions to alter or amend a judgment if filed within ten days. The motion should establish: 1) an intervening change in the controlling law; 2) new evidence; or 3) a necessity to correct a plain error of law or to prevent a manifest injustice. *See Gencorp, Inc., v. American Int'l Underwriters*, 178 F.3d 804, 833 (6th Cir.1999). It is improper to use the motion to reargue a case or to raise arguments which could, and should, have been made before judgment issued. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 373 (6th Cir.1998) (citing FDIC v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992)).

In his motion [Doc. 22], Hough maintains that the Court should have applied equitable tolling to his first § 2254 petition, rather than dismiss it for failure to exhaust. However, Hough's prior 2254 petition is not relevant to the timeliness issue. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (pendency of a federal habeas corpus petition does not

toll § 2244(d)'s limitation statute). Even if it were, this argument and several others—all of which relate to the prior § 2254 petition, should have been raised in connection with *that* petition, not with this one. In any event, this is not new evidence.

His final argument in his motion does address the instant § 2254 petition. He suggests that, indeed, he did exhaust state remedies as to the only issue raised in the present habeas corpus petition, but that the state court refused to consider his claim. However, the § 2254 petition at hand was dismissed as time-barred: the question as to the exhaustion of state remedies was not reached and, thus, was not addressed in the dismissal memorandum or judgment order. This argument completely misses the mark.

His amended Rule 59(e) motion [Doc. 23] fares no better because, for the most part, his arguments are directed to his prior § 2254 proceedings and, thus, are not pertinent to the timeliness issue. As to the remaining argument (i.e., that during the relevant time period of March 15, 2005 - March 15, 2006, he had pending in the state courts not only the [untimely] motion to reopen, but also another post-conviction petition), the document he has offered in support bears no filing stamp or date, much less a signature. [Doc. 24, copy of post-conviction petition]. Indeed, the document on its face does not support that it was ever filed, much less that it was filed during the relevant time. Moreover, Hough would have known he had filed the state petition before the judgment entered and, hence, it does not qualify as newly discovered evidence. *See Atlantic States Legal Foundation v. Karg Bros.*, 841 F. Supp. 51, 56 (N.D.N.Y. 1993) ( "Newly discovered evidence" is that which is "truly

4

newly discovered or ... could not have been found by due diligence."). Nor does it establish any of the other criteria for granting a Rule 59(e) motion.

Therefore, both motions are **DENIED**. [Docs. 22, 23].

3. *Motion to reconsider the denial of a COA.*

Attached as Exhibit A to the initial Rule 59(e) motion is a separate motion to reconsider issuance of a certificate of appealability [Doc. 22, Exh. A], which was denied in the judgment order.

Under 28 U.S.C. § 2253(c), a COA must issue only where a petitioner has made a "substantial showing of the denial of a constitutional right." When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). If there is a plain procedural bar and the district court is correct to invoke it to resolve the case, and a reasonable jurist could not find that either that the dismissal was error or that the petitioner should be allowed to proceed further, a COA should not issue. *Id.*

This petition was dismissed on a procedural ground–as barred by § 2244(d)'s statute of limitations. Though the Court believes that § 2244(d)'s limitations statute was correctly invoked, it is possible that reasonable jurists could disagree with this conclusion

and also could debate whether the timeliness issue, given the atypical procedural history of this case, "is adequate to deserve encouragement to proceed further." *Id.* at 484-485 (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 and n. 4 (1983) (internal quotation marks omitted).

Accordingly, Hough's separate motion to reconsider [Doc. 22, Exh. A] is **GRANTED** and his request for a COA is also **GRANTED**. A COA hereby **ISSUES**.

**IT IS SO ORDERED**.

ENTER:

　　　　s/ Leon Jordan　　　　
United States District Judge